

Advocates for Workplace Fairness

September 15, 2022

<u>Via ECF</u>
The Honorable Judith C. McCarthy
United States Magistrate Judge
Southern District of New York
300 Quarrapas St.
White Plains, New York 10601-4150

     **Re:** ***Dail Moses-Taylor v. Greyston Foundation, Inc.*,**
       **Case No. 1:21-cv-06756**

Dear Judge McCarthy:

  We represent Plaintiff Dail Moses-Taylor in the above-referenced matter. Pursuant to Rule I(A) of Your Honor's Individual Rules, we write to alert the Court of Defendant's ongoing failure to comply with its Court-ordered discovery obligations.

  As you know, on September 6, Plaintiff again sought the Court's intervention because Defendant disregarded the September 2, 2022 extended, Court-ordered deadline to serve its discovery responses and initial document production. (ECF No. 30.) In that letter, Plaintiff explained that Defendant's counsel requested an extension, claiming that he mistakenly believed the Court-ordered deadline was September 9 (as opposed to September 2). (*Id.*) Based on this representation, at the latest, we expected Defendant to serve its discovery responses and production last Friday. That did not happen.

  On September 8, the Court granted Plaintiff's letter motion and ordered Defendant to respond to her interrogatories and document requests "forthwith." (ECF No. 31.) It has now been a week since the Court's Order and we have yet to receive Defendant's discovery responses, nor have we received even a call or email from Defendant's counsel regarding the status of the outstanding discovery.

  Plaintiff and her counsel are at a loss as to how to move this case forward, and, relatedly to ensure compliance with the current discovery deadline of December 16, 2022. (*See* ECF No. 21.) In its last Order, the Court ordered Defendant to show cause, by September 16, 2022, why sanctions should not be imposed. (ECF No. 31.) Given Defendant's pattern of non-responsiveness to Plaintiff's discovery requests, and Defendant's ongoing, flagrant non-compliance with its discovery obligations and this Court's orders, Plaintiff believes sanctions are warranted under Fed. R. Civ. P. Rule 37(b)(2). *See, e.g.*, *Anderson v. Credit One Bank, N.A. (In re Anderson)*, 641 B.R. 1, 25 (Bankr. S.D.N.Y. 2022) ("[A] party's persistent refusal to comply with a discovery order presents sufficient evidence



of willfulness, bad faith or fault" to warrant sanctions under Rule 37(b)) (quoting *Abreu v. City of N.Y.*, 208 F.R.D. 526, 530 (S.D.N.Y. 2002)).

We appreciate the Court's attention to this matter.

Respectfully submitted,

Tammy T. Marzigliano
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
*Counsel for the Plaintiff*

cc: All Parties (via ECF)

New York   685 3rd Ave 25th Floor, New York, NY 10017   T (212) 245-1000   F (646) 509-2060
San Francisco   1 California Street, 12th Floor, San Francisco, CA 94111   T (415) 322-1391   F (415) 638-8810
Washington, DC   1225 New York Ave NW, Suite 1200B, Washington DC 20005   T (202) 914-5097   F (202) 847-4410
outtengolden.com   mail@outtengolden.com