JEREMI L. CHYLINSKI
JCHYLINSKI@GRSM.COM



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NEW YORK 10007
PHONE: (973) 549-2507
CELLULAR: 973-464-5616
FAX: (973) 377-1911

September 16 2022

**VIA ECF**

Magistrate Judge Judith C. McCarthy
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    **Dial Moses-Taylor v. Greyston Foundation, Inc.**
               **Civil Action No.: 7:21-CV-6756 (NSR)**

Dear Magistrate McCarthy:

      This firm represents Greyston Foundation, Inc. in the above-referenced matter.  We write in compliance with Your Honor's September 8, 2022 and September 28 Orders, (Dkt. Nos. 31 and 33).

      Undersigned counsel sent Defendant's Responses and Objection to Plaintiff's eleven (11) interrogatories and eighty-one (81) document requests to Plaintiff's counsel via email.  An additional document production will follow.  As concerns those request to which Defendant objected, counsel invites Plaintiff's counsel to discuss those objections to attempt to arrive at a mutually agreeable resolution.

      As concerns sanctions for the undersigned's failure to timely produce the above-referenced responses, F.R.C.P. 37 "provides a non-exclusive list of sanctions that may be imposed on a party for failing to obey an order to provide or permit discovery." *Fossil Indus., Inc. v. Onyx Specialty Papers, Inc.*, 302 F.R.D. 288, 293 (E.D.N.Y. 2014) (internal citation omitted).  And, the "imposition of sanctions under Rule 37 is within the discretion of the district court." *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc*., 845 F.2d 1172, 1176 (2d Cir. 1988) (citation omitted). As the Second Circuit has stated, "[d]isciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Publ'g, Ltd*., 843 F.2d 67, 71 (2d Cir. 1988).

September 16, 2022
Page 2

   In effectuating these purposes and determining whether and which sanctions under Rule 37 are appropriate, courts consider several well-known, non-exhaustive factors, including: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302–03 (2d Cir. 2009) (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

   As noted in the parties' August 17, 2022 Stats Report, the delay in responding to Plaintiff's discovery requests was due to the undersigned's continuing health issue. (Dkt. No. 28.) And, the most recent delay was caused by a mistaken calendaring by undersigned counsel. These issue have been rectified and will not reoccur. Put simply, there is no willfulness on the part of the undersigned and, in light of the facts surrounding the reason for the delay, the duration, while unfortunate, is easily explainable. Under these circumstances, the undersigned respectfully submits that sanctions are inappropriate here.

   We thank Your Honor for her attention to this matter.

              Respectfully submitted,

              GORDON & REES

              */s/ Jeremi L. Chylinski*

              Jeremi L. Chylinski, Esq.

1230230/66537769v.1

CALIFORNIA ♦ NEW YORK ♦ TEXAS ♦ ILLINOIS ♦ NEVADA ♦ ARIZONA ♦ COLORADO ♦ OREGON ♦ WASHINGTON
NEW JERSEY ♦ FLORIDA ♦ GEORGIA ♦ CONNECTICUT ♦ MISSOURI ♦ WASHINGTON, DC ♦ PENNSYLVANIA ♦ NORTH CAROLINA