

August 2, 2023

**Via ECF:**
The Honorable Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarrapas St.
White Plains, New York 10601-4150

                Re: ***Dail Moses-Taylor v. Greyston Foundation, Inc.*, Case No. 1:21-cv-06756**

Dear Judge Roman:

      We represent the Plaintiff Dail Moses-Taylor in the above-referenced matter. We write to respond to Defendant Greyston's August 2, 2023 letter (ECF No. 63) and his and his client's repeated abuse of the judicial process.

      Defendant and its counsel have displayed a flagrant disregard for the deadline for payment provided in the settlement agreement (ECF No. 59), as well as Your Honor's deadline of June 28, 2023 for Defendant to respond to Plaintiff's letter seeking relief (ECF No. 62). Plaintiff is perplexed by Defendant's shifting explanations in its belated response. Initially, Defendant's counsel made numerous representations that the settlement checks were "in the mail." After several weeks, the excuse shifted to the checks were received by Defendant's counsel law firm but were subsequently "stolen" by a firm employee, and that a second set of settlement checks were on the way to counsel's office and would be received no later than July 20, i.e., more than a month earlier than the current extension Defendant now seeks (*See* ECF No. 61). The checks were never sent to Plaintiff despite repeated promises to the contrary calling into question the veracity of Defendant's counsel representations. Defendant's counsel's new excuse is that his client was not aware of **when** the settlement payment was due- an excuse that is not believable given that Defendant Greyston itself read and signed the settlement agreement.

New York  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
Washington, DC  1225 New York Ave NW, Suite 1200B, Washington DC 20005  T (202) 914-5097  F (202) 847-4410
outtengolden.com   mail@outtengolden.com

Defendant's conduct has and continues to cause harm to our client, who has been patiently waiting and trusting the judicial process to resolve her claims. This should not be tolerated.

Plaintiff does not consent to Defendant's request to extend the deadline to make the settlement payment by August 23, 2023. Rather, Plaintiff renews her request that the Court enforce the parties' Agreement by ordering Defendant to pay the overdue settlement sums immediately. Plaintiff further respectfully submits that sanctions are appropriate to address Defendant's and its counsel's abuse of the judicial process throughout this litigation, and its unjustified material breach of its obligation to make the settlement payments (as of this letter the payments are 33 days late). Accordingly, Plaintiff respectfully requests that the Court order either Defendant or its counsel to pay (1) Plaintiff post-judgment interest at 9% of the settlement sum since June 30, or $3,051.37; (2) her reasonable attorneys' fees and costs incurred in connection with her prior enforcement motion and her efforts since then to ensure Defendant's compliance with the Agreement, including this letter motion (approximately $25,000);[3] and (3) any other sanctions that the Court deems are appropriate.

Plaintiff further welcomes a conference (or hearing) with the Court to address Defendant's breach and other misconduct. We thank the Court for its consideration of this matter.

Respectfully submitted,

Allison L. Van Kampen
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
*Counsel for the Plaintiff*

cc:   All Parties (via ECF)