

August 3, 2023

**Via ECF**
The Honorable Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarrapas St.
White Plains, New York 10601-4150

Re: *Dail Moses-Taylor v. Greyston Foundation, Inc.*, Case No. 1:21-cv-06756

Dear Judge Roman:

We represent the Plaintiff Dail Moses-Taylor in the above-referenced matter. We write to respectfully ask the Court to disregard Plaintiff's August 2nd letter (ECF No. 65), which was filed in error. Specifically, it was an earlier version of Plaintiff's response to Defendant's August 2, 2023 letter (ECF No. 63) which did not take into account Your Honor's Order on Defendant's extension request (ECF No. 64).

By this corrected filing, we write both to respond to Defendant Greyston's August 2, 2023 letter (ECF No. 63) and to reiterate our concerns about Defendant's and its counsel's repeated abuse of the judicial process. Given that the Court ruled in short order on Defendant's belated request for yet another extension before Plaintiff had a chance to file a response, we respectfully ask that the Court reconsider its ruling (ECF No. 64) in light of this submission. Even if the Court remains inclined to permit Defendant until August 23, 2023 to provide the settlement payments, we respectfully contend that Defendant should not be permitted to engage in flagrant misconduct against Plaintiff, and to violate its contractual obligations and court-ordered responsibilities, without consequence.

Given Defendant's misconduct to-date, Plaintiff has no assurances that Defendant will actually comply with the August 23, 2023 deadline. Indeed, throughout the course of this litigation, Defendant has been allowed to disregard without any repercussions the Court's rules, orders, and contractual obligations to the detriment of Plaintiff. In this instance, Defendant not only displayed an utter disregard for the deadline for payment provided in the settlement agreement (ECF No. 59), Defendant's counsel also failed to comply with Your Honor's deadline of July 28 to respond to Plaintiff's letter seeking relief (ECF No. 62). As is its practice, Defendant only pays attention to this matter when Plaintiff is forced to seek Court intervention.

Plaintiff by this submission respectfully seeks the Court's assistance to ensure that this does not happen again. Her reasons are further outlined below.

First, there has not been a plausible explanation as to why the payment deadline was ignored. Initially, Defendant's counsel made numerous representations that the settlement checks were "in the mail." After several weeks, the excuse shifted to the checks were received by Defendant's counsel's law firm but were subsequently "stolen" by a firm employee, and that a second set of settlement checks were on the way to counsel's office and would be received no later than July 20, *i.e.*, more than a month earlier than the current extension Defendant now seeks (*See* ECF No. 61). The checks were never sent to Plaintiff despite repeated promises to the contrary calling into question the veracity of Defendant's counsel's representations. Defendant's counsel's new excuse is that his client was not aware of **when** the settlement payment was due - an excuse that is not believable given that Defendant Greyston itself read and signed the settlement agreement.

Defendant's conduct has and continues to cause harm to Plaintiff, who has been patiently waiting and trusting the judicial process to resolve her claims. This should not be tolerated.

Plaintiff therefore respectfully requests that the Court reconsider tolerating this behavior and renews her request that the Court enforce the parties' Agreement by ordering Defendant to pay the overdue settlement sums immediately. Plaintiff further respectfully submits that sanctions are appropriate to address Defendant's and its counsel's abuse of the judicial process throughout this litigation, and its unjustified material breach of its obligation to make the settlement payments (as of this letter the payments are 34 days late). Accordingly, Plaintiff respectfully requests that the Court order either Defendant or its counsel to pay (1) Plaintiff post-judgment interest at 9% of the settlement sum since June 30 through August 3, or $3,143.84, and, if Defendant again breaches the extended court-ordered deadline of August 23, statutory interest at $92.47 per day for each day that the payment is late; (2) her reasonable attorneys' fees and costs incurred in connection with her prior enforcement motion and her efforts since then to ensure Defendant's compliance with the Agreement, including her letter motion and this response (approximately $25,000);[3] and (3) any other sanctions that the Court deems are appropriate.

We thank the Court for its consideration of this matter.

Respectfully submitted,

_____
Allison L. Van Kampen
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
*Counsel for the Plaintiff*

cc:     All Parties (via ECF)